UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:17-cr-400-T-24MAP

v.

JOSE ALBERTO HERNANDEZ
_____/

## ORDER

This cause comes before the Court on Defendant Jose Alberto Hernandez's Motion to Determine the Applicability of An Affirmative Defense At Trial (Doc. 35), to which the Government filed a response in opposition (Doc. 36). Defendant requests a pretrial determination as to whether he may use the affirmative defense of duress, coercion and necessity at trial based on the facts set forth in the motion. The Government in its response sets out a very different set of facts as to what it believes the evidence will show and argues the defense of duress is legally insufficient, irrelevant and any argument or evidence in support of that defense should be excluded.

The Eleventh Circuit pattern jury instruction on Duress and Coercion (Special Instruction number 16) provides the following:

> To excuse a criminal act, the Defendant must prove by a preponderance of the evidence:
>
> First: That there was an unlawful and present, immediate, and impending threat of death or serious bodily harm to the Defendant or another;
>
> Second: That the Defendant's own negligent or reckless conduct did not create a situation where the Defendant would be forced to engage in a crime;

        <u>Third</u>: That Defendant had no reasonable legal alternative to violating the law; and

        <u>Fourth</u>: That avoiding the threatened harm caused the criminal action.

Putting aside the imaginative but totally unbelievable story that Defendant was harassed by unknown conspirators over a period of fifteen years who kept demanding money that Defendant kept paying, the evidence proffered by Defendant fails to establish any of the four elements by a preponderance of the evidence. The proffered facts fail to establish a causal connection between the criminal actions and the threats. The facts as proffered by Defendant show that he had numerous chances over the years to report the threats, but he did not, so he cannot establish there was no legal alternative to his criminal acts. The incidents that Defendant considers threats occurred over a period of about fifteen years, so the treats were not "immediate and impending." Finally Defendant himself was reckless.

The defense of duress and coercion would not be available to Defendant at trial based on the facts that have been proffered. Because the defense would not be available, factual evidence about the defense would also not be admissible at trial.

Accordingly Defendant's Motion, to the extent that it requests a pretrial determination, is granted. To the extent the motion requests that the defense of coercion and duress be allowed at trial, the motion is denied. If Defendant proceeds to trial, he will be precluded from offering a defense of duress and coercion.

DONE AND ORDERED at Tampa, Florida, this 17th day of January, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record